ROQUETTE FRERES AND ROQUETTE CORPORATION, PLAINTIFFS *v.* UNITED STATES, DEFENDANT, PFIZER INC., INTERVENOR

Court No. 82-5-00636

Before BOE, *Judge.*

(Dated December 9, 1983)

*Wald, Harkrader & Ross* (*Joel E. Hoffman* and *Marilyn E. Kerst,* of counsel) for the plaintiffs.

*J. Paul McGrath,* Assistant Attorney General (*David M. Cohen,* Director Commercial Litigation Branch and *A. David Lafer*) for the defendant.

*Barnes, Richardson & Colburn* (*E. Thomas Honey, Michael A. Johnson,* of counsel) for the intervenor.

*Rivkin, Sherman & Levy* (*Saul L. Sherman, Thomas A. Greene,* and *Lance E. Tunick*) attorneys for ICI Americas Inc., *amicus curiae.*

Plaintiffs Roquette Freres and Roquette Corporation and intervenor Pfizer Inc. move for access to all confidential documents filed by the International Trade Commission (ITC) with this court on November 23, 1983 as a part of administrative record in *Sorbitol from France,* USITC Investigation No. 731-TA-44 (Final—Court Remand).

In its prior memorandum and order under date of December 13, 1982, this court set forth the standards by which competing interests should be balanced in determining the access of parties to the confidential documents submitted during the course of administrative proceedings. This court, after reviewing its prior order under date of December 13, 1982 and after considering the determination of the ITC or remand, concludes that the provisions of that order should not be modified or altered as they relate to the confidential documents referred to therein.

With respect to the confidential documents filed with this court by the ITC as a part of the administrative record in connection with its determination in said proceedings on remand, the court

has endeavored to continue to balance the needs of the parties seeking the confidential information against the pubic interest in protecting confidential business data. In so doing, the court adheres to the determination made in its prior order, namely, "The industry-wide aggregate data, and not the individual producer statistics, form the basis of the administrative determinations and therefore are material to the plaintiffs' challenge to the finding of dumping against plaintiffs and the finding of *material injury* to '*an industry in the United States*'" (emphasis added).

Accordingly, the court is satisfied that aggregate tables and weighted averages with respect to domestic production of all forms of sorbitol contained in the statistical tables utilized by the ITC should be made available as material information. Statistical data of the individual domestic producers of sorbitol are neither relevant nor material to the administrative determination as made by the ITC.

Now therefore, upon reading and filing the motions of the plaintiffs and intervenor for access to all confidential documents, the responses of the plaintiffs, defendant, and amicus curiae thereto, it is hereby ORDERED

A. Plaintiffs' and intervenor's motions for access to confidential information and documents contained in the administrative record on remand transmitted to the court by International Trade Commission are granted to the following extent and denied in all other respects:

1. Within 10 days from the date of entry of this order, the clerk of this court shall make available to plaintiffs' and intervenor's outside counsel, at the offices of the clerk, for purposes of examining and copying the following confidential documents enumerated in List Number 2, "Confidential Documents Transmitted to the Court of International Trade," subject to the exceptions, terms and conditions specified below:

a. Documents 1-5, 7-14, and 16 shall be made available in full to plaintiffs and intervenor.

b. Documents 6, 15 and 18 shall be made available. However, in the statistical tables referred to on the following pages, the names of the respective domestic producers and the data relating specifically to each shall be deleted. Only the aggregate totals and weighted averages of the domestic production of all forms of sorbitol contained in such statistical tables shall be made available:

(1) Document 6: pages A-18, table 2; A-20, table 3; A-22, table 4; A-23, table 4; A-25, table 5; A-30, table 8; A-32, table 9; A-33, table 10; A-34, table 11; A-35, table 12; A-36, table 13; A-42, table 16; A-45, table 18;

(2) Document 15: pages A-18, table 2; A-19, table 2; A-21, table 3; A-23, table 4; A-24, table 4; A-25, table 4; A-26, table 4; A-28, table 5; A-30, table 6; A-31, table 6; A-34, table 8; A-

35, table 8; A-36, table 9; A-37, table 9; A-43, table 10; A-45, table 11; A-47, table 12; A-49, table 13; A-54, table 16; A-57, table 18;

(3) Document 18: pages A-18, table 2; A-19, table 2; A-21, table 3; A-23, table 4; A-24, table 4; A-25, table 4; A-27, table 5; A-29, table 6; A-30, table 6; A-33, table 8; A-34, table 8; A-35, table 9; A-36, table 9; A-42, table 10; A-44, table 11; A-46, table 12; A-48, table 13; A-53, table 16; A-56, table 18;

c. Document 17:

(1) Subparts 17.02, 17.04, "B" and "C" shall be made available in full.

(2) Subparts 17.01 and the questionnaire component of 17.03 shall be protected from disclosure to plaintiffs and intervenor. The "10-K" Report component of subpart 17.03 shall be made available in full.

(3) Subpart "A"

(a) worksheets re: imports questionnaires consisting of 20 11-inch long pages, the first of which is entitled "1978: Imports from France," shall be made available in full.

(b) worksheets re: producers' questionnaires consisting of nine 14-inch long sheets entitled "Shipments" shall be made available. However, in the statistical tables referred to on the following pages, the names of the respective domestic producers and the date relating specifically to each shall be deleted (including the figures included in footnote 1 to the "capacity" table on page 6). Only the aggregate totals of the domestic production for each year of all forms of sorbitol contained in such statistical tables shall be made available.

B. Except as otherwise provided in this order, counsel for plaintiffs and intervenor shall not disclose the confidential information to anyone other than their immediate office personnel actively assisting in this litigation.

C. Counsel for plaintiffs and intervenor and their immediate office personnel shall neither disclose nor use any of the confidential information for purposes other than this litigation or any remand or appeal of this matter.

D. If, in the opinion of plaintiffs' and/or intervenor's counsel, it becomes necessary to consult with experts in evaluating the confidential information, counsel will not contact such experts without first notifying, and conferring with, counsel for defendant regarding the suitability of such experts. If the respective parties cannot agree upon a suitable expert within ten (10) days of notification to defendant's counsel, plaintiffs' or intervenor's counsel may submit the matter to the court for resolution.

E. In on event shall disclosure of confidential information be made to in-house counsel or other representatives, agents or employees of the plaintiffs and of the intervenor, or of their constituent members.

F. Counsel for plaintiffs and intervenor shall maintain a record of any and all copies of confidential information made, the names of the persons to whom such copies were provided and the dates of their return. All such copies shall be clearly marked as containing confidential information and all persons receiving copies shall be directed to return them at the conclusion of this litigation.

G. Any documents, including briefs and memoranda, containing any of the confidential information in this order, which are filed with the court in this case or used for any other purposes, shall be conspicuously marked as follows: " 'Confidential'—Subject to Protective Order. This contains material filed by (name of party) for the purpose of this litigation only. It is not to be opened other than by the Court, nor are the contents hereof to be displayed or revealed other than to the Court, except by Court Order or by agreement of the parties." Arrangements shall be made with the clerk of this court to retain such documents under seal, permitting access only to the court, court personnel authorized by the court to have access, and counsel for the parties. Copies of all the foregoing documents, but with the confidential information deleted, shall be filed with the court at the same time that the documents containing the confidential information are filed and shall be conspicuously marked as non-confidential copies.

H. Any briefs or memoranda containing confidential information shall be served on the other parties in a wrapper conspicuously marked on the front "Confidential—to be opened only by attorney of parties in 'Roquette Freres and Roquette Corporation v. United States and Pfizer, Inc.,' " and shall be accompanied by a separate copy from which the confidential information has been deleted.

I. At the conclusion of this litigation and any appeal or remand of this matter, counsel for plaintiffs and intervenor shall return to the clerk of this court all copies of the confidential documents obtained under this order and the record required to be maintained under subparagraph F hereof.

J. Any reference to plaintiffs' or intervenor's counsel herein shall include counsel for any other interested party that may subsequently be granted access to such documents under protective order.